```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

SANDRA MARCHANT,               :
                               :  NO. 1:03-CV-00260
     Plaintiff,                :
                               :  **OPINION & ORDER**
                               :
  v.                           :
                               :
                               :
FAURECIA EXHAUST SYSTEMS,      :
INC., et al.,                  :
                               :
     Defendants.

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees and Costs (doc. 38) and the Defendants' Response in Opposition (doc. 39). Pursuant to this Motion, Plaintiff is seeking attorney's fees in the amount of $38,560.00 under 29 U.S.C. § 1132(g)(1), the Employee Retirement Income Security Act of 1974 ("ERISA") (doc. 38).

Plaintiff filed suit on April 10, 2003 against Defendants after purchasing a group long-term disability insurance policy from Defendants through payroll deduction on or about October 12, 1999 (doc. 38). Beginning in June of 2000, approximately nine months after purchasing the insurance policy, Plaintiff began experiencing health problems (Id.). Plaintiff's medical problems eventually led her to undergo open-heart surgery on August 21, 2000 (Id.). Defendants paid Plaintiff's benefits from November 11, 2000 to May 31, 2001 despite evidence suggesting the disability ceased on December 13, 2000 (doc. 39). Defendants

terminated benefits as of May 31, 2001 after a medical review determined Plaintiff was able to work (Id.). Subsequent documentation received by Defendants after the Plaintiff requested an appellate review showed that Plaintiff had a three month absence of treatment (Id.). Plaintiff's insurance policy required her to be under a physician's care to receive benefits (Id.). After learning of the three month absence, Defendants denied Plaintiff's appeal (Id.). Plaintiff then filed suit against Defendants (Id.). In December 2003, this Court requested Defendants review 129 pages of additional documentation previously unknown to Defendants that related to Plaintiff's medical condition (Id.). Upon reviewing these additional documents, Defendants determined that Plaintiff was disabled from May 31, 2001 through November 15, 2002 in accordance with her policy's 24-month own occupation definition of disability and mental nervous disorder limitation (Id.). Plaintiff then moved for an award of attorney's fees (Id.).

The following factors are considered when determining whether a court should award attorney's fees in an ERISA case pursuant to 29 U.S.C. § 1132(g)(1): (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an

ERISA plan or resolve significant legal questions regarding ERISA; (5) and the relative merits of the parties' positions. Sec'y of Dept. of Labor v. King, 775 F.2d 666, 668 (6th Cir. 1985). Each factor is examined separately with no single factor being dispositive of whether a court should award attorney fees (doc. 39, citing Foltice v. Guardsman Prods., Inc., 98 F.3d 933, 937 (6th Cir. 1996)). The Sixth Circuit has rejected any presumption that attorney fees should be awarded to a prevailing plaintiff (Id., citing Armistead v. Vernitron Corp., 944 F.2d 1287, 1302-03 (6th Cir. 1991)).

When examining the first factor, the degree of defendant's culpability or bad faith, the necessary degree of culpability is not established by the fact that defendant eventually was found liable. Gard v. Blackenburg, 33 Fed. Appx. 772, 737 (6th Cir. 2002). This is evident in Gard where the court did not award attorney's fees even though defendants were found liable for violating ERISA (doc. 39, citing Gard, 33 Fed. Appx. at 732). Under the facts in this instant matter, Defendants were never found liable but instead agreed to provide Plaintiff with benefits after receiving additional documentation regarding Plaintiff's medical condition that merited Defendants provide benefits to Plaintiff according to the insurance policy (Id.). Plaintiff argues that Defendants' failure to consider all of the medical records provides evidence of Defendants' bad faith and

-3-

culpability (doc. 38). However, Plaintiff's argument is weakened because the information available to Defendants at the time this litigation commenced suggests Defendants merely exercised their rights to defend themselves in an ERISA action where the medical evidence suggested Plaintiff did not qualify for benefits (doc. 39).

The second factor, the ability to pay an award of attorney fees, weighs in favor of Plaintiff since Defendants concede their ability to satisfy an award of reasonable attorney fees. (Id.). The third factor - the deterrent effect of an award on other persons under similar circumstances - does not weigh heavily in Plaintiff's favor. The court in Armistead suggests that when there is little evidence of culpability or bad faith, there is no reason to seek deterrence beyond that which comes with holding defendants liable. Armistead, 944 F.2d at 1304. Plaintiff argues this Court must award attorney's fees in order to deter Defendants from initially denying benefits in the future and then only providing benefits after successful litigation becomes hopeless (doc. 38). However, if this Court accepts Plaintiff's rationale, Defendants will not be afforded the luxury to challenge questionable claims because Defendants will be unable to avoid liability for attorney's fees for every unsuccessful action (doc. 39). Additionally, little evidence of bad faith exists because Defendants provided benefits by their own choice after receiving

additional information supporting the argument that there is no need for a deterrent effect (Id.).

Plaintiff concedes that the fourth factor, whether the party requesting fees sought to confer a common benefit on all participants of an ERISA plan or resolve significant legal questions regarding ERISA, weighs in favor of Defendants since Plaintiff is not making any effort to confer a common benefit on other participants of ERISA or answer a legal question (doc. 38). Plaintiff argues the fifth factor, the relative merits of the parties' positions, supports awarding attorneys' fees since Defendants' ultimate decision to provide benefits makes it apparent that Plaintiff's position was correct (Id.)  However, Defendants initially challenged Plaintiff's claims based on medical evidence and Defendants, without being found liable, provided Plaintiff with benefits by their own choice (doc. 39).  Thus, merely because Defendants eventually provided benefits to Plaintiff makes their position "no more devoid of merit than that of any other losing litigant"  (Id. citing Armistead, 944 F.2d at 1304)).  The Sixth Circuit, in Gard citing Armistead, supports this position whereby it did not award attorneys' fees even after defendant was found liable citing the rationale in Armistead.  (Id. citing Gard, 33 Fed. Appx. at 733)).

Defendants initially defended against claims by Plaintiff based on a medical report stating Plaintiff could work.

-5-

Additionally, no true deterrent effect exists. Lastly, Plaintiff is not trying to confer a common benefit to participants or answer a legal question of ERISA. These factors favorable to Defendants outweigh their ability to pay an award of attorney's fees. Accordingly, the Court hereby DENIES Plaintiff's Motion for Attorney Fees (doc. 38).

       SO ORDERED.

Dated: June 7, 2005         /s/ S. Arthur Spiegel
                                   S. Arthur Spiegel
                                   United States Senior District Judge